## Loring v. Hartman.

*Justice of the peace—Appeal—Justice as agent of appellant—Forwarding transcript—Use of mails.*

1. An arrangement with a justice of the peace by a defendant in a judgment for the former to send the transcript to him for purposes of appeal constitutes the justice his agent, and if the justice forwards the transcript by mail and it is never received, the defendant cannot perfect his appeal after the statutory period has elapsed.

2. The procedure on appeal is strictly statutory, and the court is without power to enlarge the time for action prescribed by the statute.

Motion for leave to perfect appeal *nunc pro tunc.* C. P. Lackawanna Co., Jan. T., 1922, No. 254.

R. W. Rymer and C. B. Comegys, for defendant.

NEWCOMB, J., Dec. 8, 1921.—July 1st, this year, defendant appealed in due form from the judgment of a magistrate. The appeal should have been perfected by transcript filed not later than Sept. 19th, the first day of the then next term of this court. But that was not done, and the omission is now accounted for, by appellant's petition of Nov. 9th, as due to miscarriage by mail. It is alleged that, in accordance with their arrangement, the magistrate mailed the transcript to appellant's address on Aug. 5th, but it was never received. That is the ground assigned for relief.

Manifestly it is of no avail. The arrangement with the magistrate was entered into at appellant's risk. He is chargeable with knowledge of the time allowed by law for filing the transcript, and, therefore, it was for him to see that it was sent forward in due season, as he had simply made the magistrate his agent for that purpose.

What is more, the procedure is strictly statutory and the court is without power to enlarge the time for action prescribed by the statute.

It follows that the relief asked for is impracticable, and for that reason the rule to show cause is discharged.     From William A. Wilcox, Scranton, Pa.